**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COSI, INC., *et al.*,[1] | ) | Case No. 20-10417 (BLS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | RE: Docket No. 188 |
| | ) | |

**ORDER GRANTING MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
ESTABLISHING BAR DATES FOR FILING PROOFS OF PREPETITION CLAIMS**

Upon the *Motion of the Debtors for Entry of an Order Establishing Bar Dates for Filing Proofs of Prepetition Claims* (the "Motion")[2] of the above-captioned debtors and debtors in possession for entry of an order pursuant to sections 501, 502, 503 and 1111(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(7), 3003(c)(3) and 5005(a), establishing bar dates for filing proofs of claim; the Court having reviewed the Motion; sufficient cause appearing therefor; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** in its entirety.

2. All persons and entities, including all governmental units as defined in section 101(27) of the Bankruptcy Code (each a "Creditor" and, collectively, the "Creditors"), holding or wishing to assert an unsecured or secured, priority or nonpriority Claim (as defined in section 101(5) of the Bankruptcy Code), or administrative expense claim arising under section 503(b)(9)

---

[1] The Debtors in these Chapter 11 Cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): Cosi, Inc. (3745); Xando Cosi Maryland, Inc. (2196); Cosi Sandwich Bar, Inc. (0910); Hearthstone Associates, LLC (6267); Hearthstone Partners, LLC (9433); Cosi Franchise Holdings LLC (6984); and Cosi Restaurant Holdings LLC (3461). The Debtors' corporate headquarters are located at 500 Rutherford Avenue, Suite 130, Charlestown, MA 02129.

[2] Capitalized terms not defined in this Order shall have the meanings provided in the Motion.

of the Bankruptcy Code, against the Debtors arising or accruing prior to the Petition Date (each a "Claim" and, collectively, the "Claims") are required to file a separate, completed and executed proof of claim (either the Proof of Claim Form attached as Exhibit "B" to the Motion, a proof of claim form conforming substantially to Official Bankruptcy Form 410, or another suitable proof claim) on account of any Claims such Creditors hold or wish to assert against any Debtor on or before the General Claims Bar Date of **November 16, 2020**, so that such proof of claim is actually received by Omni Agent Solutions, Inc., the Debtors' notice and claims agent, no later than the applicable Bar Date: (a) by first class United States mail, hand delivery or overnight courier to Cosi, Inc., *et al*. Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; or (b) by online submission at https://cases.omniagentsolutions.com/cosi/.

3. The Debtors shall retain the right to subsequently designate any Claim as disputed, contingent or unliquidated; provided, however, that if the Debtors amend the Schedules to reduce the undisputed, noncontingent and liquidated amounts or to change the nature or classification of a Claim against a Debtor reflected therein, then the affected Creditor shall have until the Amended Schedule Bar Date to file a proof of claim or to amend any previously filed proof of claim with respect to such amended scheduled Claim.  The Amended Schedule Bar Date shall be the later of the General Claims Bar Date or thirty (30) days after a Creditor is served with notice that the Debtors have amended their Schedules to reduce the amount of, delete or change the status of a scheduled Claim of such Creditor.

4. Notwithstanding the foregoing or anything else herein to the contrary, nothing set forth herein will preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

5. Notwithstanding anything in this Order to the contrary, and except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, the holder of any Claim arising from the rejection of an executory contract or unexpired lease shall be required to file a proof of claim on account of such Claim against the Debtors on or before the later of (a) the General Claims Bar Date or (b) thirty (30) days after the effective date of such rejection as ordered by the Court.

6. Proofs of claim are not required to be filed at this time by Creditors holding or wishing to assert Claims against the Debtors of the following types:

   a. Claims on account of which a proof of claim has already been properly filed with the Court;

   b. Claims previously allowed by, or paid pursuant to, an order of the Court;

   c. Applications or requests for award of compensation earned or reimbursement of expenses incurred by professionals retained pursuant to section 327 of the Bankruptcy Code;

   d. Claims made by one Debtor against another Debtor;

   e. Claims that are scheduled by the Debtors in undisputed, noncontingent and liquidated amounts for which the Creditors holding such Claims do not dispute the amount or manner in which their Claims have been scheduled;

   f. Claims previously authorized by the Court to be paid under orders entered in these Chapter 11 Cases; and

   g. Claims made by any holder of equity securities of the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities, *provided*, *however*, that any such holders who wish to assert a Claim against any Debtor based on transactions in the Debtors' securities, including, but not limited to, Claims for alleged damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the General Claims Bar Date. The Debtors reserve all rights to assert that such Claims are subject to Section 510(b) of the Bankruptcy Code.

7. The form of notice of the Bar Dates ("Bar Date Notice") substantially in the form

attached to the Motion as Exhibit "A" is approved.

8. The Debtors shall cause copies of the Bar Date Notice to be mailed at least sixty (60) days before the General Claims Bar Date to all known persons and entities holding Claims, by first class United States mail, postage prepaid.

9. The Proof of Claim Form in the form attached to the Motion as Exhibit "B" is approved.

10. In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice and the Proof of Claim Form in the manner set forth above shall be deemed good and sufficient notice of the Bar Dates to known and unknown Creditors.

11. Any proof of claim must clearly indicate the name of the applicable Debtor against whom the Claim is asserted and the applicable bankruptcy case number for such Debtor. If a Claim is asserted against more than one of the Debtors, a separate proof of claim must be filed in each such Debtor's bankruptcy case.

12. Pursuant to Bankruptcy Rule 3003(c)(2), any Person or Entity that is required to file a proof of claim in these Chapter 11 Cases but fails to do so in a timely manner shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

13. Proofs of claim shall be deemed filed only when actually received by Omni Agent Solutions, Inc.

14. All Persons and Entities asserting Claims against the Debtors' estates are required to file their Claim in the English language and in U.S. dollars. If a Person or Entity does not specify the amount of its Claim in U.S. dollars, the Debtors reserve the right to convert such Claim to U.S. dollars using the applicable conversion rate as of the Petition Date, unless the Debtors deem another date more appropriate.

15. The provisions of this Order apply to all Claims, of whatever character, against or in the Debtors or their assets, whether secured or unsecured, priority or nonpriority, liquidated or unliquidated, fixed or contingent, and including claims pursuant to section 503(b)(9) of the Bankruptcy Code.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

17. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**Dated: August 27th, 2020 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**